IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANICE COOK, EDIE STEWART, CHARLES RICE, MACY PETTYJOHN, BRENDA LOWERY, BLAINE SWANSON, and CINDY SWANSON, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>ACS STATE & LOCAL SOLUTIONS, INC., LISTCO WEST, SAMBA HOLDING, INC., ARISTOTLE INTERNATIONAL, INC., E-INFODATA.COM, INC., INSURANCE INFORMATION EXCHANGE, ST. LOUIS POST-DISPATCH, and WORLDWIDE INFORMATION, INC.,     Defendants. | CAUSE NO.<br><br><br><br>ORIGINAL COMPLAINT –<br>CLASS ACTION<br>JURY TRIAL DEMAND |

## COMPLAINT – CLASS ACTION

Plaintiffs, JANICE COOK, EDIE STEWART, CHARLES RICE, MACY PETTYJOHN, BRENDA LOWERY, BLAINE SWANSON, and CINDY SWANSON, on behalf of themselves and all others similarly situated, sue Defendants, ACS STATE & LOCAL SOLUTIONS, INC., LISTCO WEST, SAMBA, ARISTOTLE INTERNATIONAL, INC., E-INFODATA.COM, INC., INSURANCE INFORMATION EXCHANGE, ST. LOUIS POST-DISPATCH, and WORLDWIDE INFORMATION, INC. (collectively, "Defendants") and state:

    1.    This is a class action pursuant to the Driver Privacy Protection Act, 18 U.S.C. §2721 et seq. (the "DPPA"). Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals whose "personal information" is contained in any "motor vehicle record" maintained by the State of Missouri, within the meaning of the DPPA, 18 U.S.C. §2725(1) and (3), who have not provided "express consent," within the meaning of the DPPA, 18

U.S.C. §2725(5) to the State of Missouri for the distribution of their "personal information" for purposes not enumerated by the DPPA, 18 U.S.C. §2721(b), and whose "personal information" has been knowingly "obtain[ed]" and used by the Defendants within the meaning of the DPPA, 18 U.S.C. §2724.

# I.

# PARTIES

2.  Plaintiff Janice Cook is a resident of Kansas City, Jackson County, Missouri and holder of a Missouri driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Missouri, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Missouri driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

3.  Plaintiff Edie Stewart is a resident of Kansas City, Jackson County, Missouri and holder of a Missouri driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Missouri, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Missouri driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

4. Plaintiff Charles Rice is a resident of Joplin, Jasper County, Missouri and holder of a Missouri driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Missouri, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Missouri driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

5. Plaintiff Macy Pettyjohn is a resident of Joplin, Jasper County, Missouri and holder of a Missouri driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Missouri, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Missouri driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

6. Plaintiff Brenda Lowery is a resident of Gainesville, Ozark County, Missouri and holder of a Missouri driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Missouri, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Missouri driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff,

within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

7. Plaintiff Blaine Swanson is a resident of Hannibal, Marion County, Missouri and holder of a Missouri driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Missouri, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Missouri driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

8. Plaintiff Cindy Swanson is a resident of Hannibal, Marion County, Missouri and holder of a Missouri driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Missouri, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Missouri driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

9. Defendant ACS STATE & LOCAL SOLUTIONS, INC. is a New York corporation with its principal place of business at 1800 M Street, N.W., #800, Washington, D.C., 20036, and which, at all times material to this action, has been doing business in this District and throughout the State of Missouri. Defendant may be served with process through its registered

agent, CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri, 63105.

10.     Defendant LISTCO WEST is a Texas corporation with its principal place of business in Dallas, Texas, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Dallas County, Texas 75201.

11.     Defendant SAMBA HOLDING, INC. is a New Mexico Corporation with its principal place of business 1730 Montano Road, N.W., Suite F, Albuquerque, New Mexico and which, at all times material to this action, has been doing business in this District and throughout the State of Missouri. Defendant may be served with process through its registered agent, Benjamin A. Lipman, 12935 N. Outer Forty, Suite 210, St. Louis, Missouri, St. Louis County, Missouri 63141-8653.

12.     Defendant ARISTOTLE INTERNATIONAL, INC. is a foreign corporation with its principal place of business at 205 Pennsylvania Ave, SE, Washington, DC, and which, at all times material to this action, has been doing business in this District and throughout the State of Delaware. Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

13.     Defendant E-INFODATA.COM, INC. is a Colorado Corporation with its principal place of business in Broomfield, Colorado, and which, at all times material to this action, has been doing business in this District and throughout the State of Missouri. Defendant

may be served with process through its registered agent, The Corporation Company, 1675 Broadway, Suite 1200, Denver, Denver County, Colorado 80202.

14. Defendant INSURANCE INFORMATION EXCHANGE is a foreign corporation with its principal place of business at 3011 Earl Rudder Freeway South, College Station, Texas, and which, at all times material to this action, has been doing business in this District and throughout the State of Missouri. Defendant may be served with process through its registered agent, National Registered Agents, Inc., 300-B East High Street, Jefferson City, Missouri, 65101.

15. Defendant ST. LOUIS POST-DISPATCH is an Missouri Corporation with its principal place of business in 900 N. Tucker Blvd., St. Louis, Missouri, and which, at all times material to this action, has been doing business in this District and throughout the State of Missouri. Defendant may be served with process through its registered agent, Pulitzer, Inc., 201 North Harrison, # 600, Davenport, Iowa, 52801.

16. Defendant WORLDWIDE INFORMATION, INC. is a foreign corporation with its principal place of business at 100 Cummings Center, Suite 235M, Beverly, Massachusetts, Missouri, and which, at all times material to this action, has been doing business in this District and throughout the State of Missouri. Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, New Castle, Delaware 19801.

## II.

## JURISDICTION AND VENUE

17. This action arises under a federal statute and this Court has jurisdiction pursuant to 18 U.S.C. §2724(a) (conferring jurisdiction on the United States District Court for actions under the DPPA) and 28 U.S.C. §1331 (federal question jurisdiction).

18.     Venue is appropriate in this District because certain Plaintiffs, as well as members of the proposed class, are residents of the District and Defendants have committed violations of the DPPA within the Western District of Missouri.

## III.

## FACTS APPLICABLE TO ALL COUNTS

19.     The DPPA was included as part of omnibus crime legislation passed by Congress in 1993, known as the Violent Crime Control and Law Enforcement Act of 1993. Senator Barbara Boxer – (D-California), one of the DPPA's Senate sponsors, described several well-publicized incidents in which criminals had used publicly available motor vehicle records to identify and stalk their victims. Those incidents included:

   a.   the murder of actress Rebecca Schaeffer in California by a man who had obtained Schaeffer's address from California's Department of Motor Vehicles;

   b.   home invasion robberies by a gang of Iowa teenagers who identified their victims by copying the license numbers of expensive automobiles and used those license numbers to obtain the addresses of the vehicle owners from the Iowa Department of Transportation; and

   c.   the Arizona murder of a woman whose home address was identified from the Arizona Department of Motor Vehicles.

Senator Boxer also explained the ease with which a stalker had obtained the addresses of young women by copying their license numbers and requesting their addresses from the California Department of Motor Vehicles.

20.     As Senator Boxer explained, prior to the time of the passage of the DPPA, in "34 States, someone [could] walk into a State Motor Vehicle Department with your license plate number and a few dollars and walk out with your name and home address."

21.     Representative Moran, who sponsored the DPPA in the House of Representatives, explained that "very few Americans realize that by registering their car or obtaining a driver's

7

license through the DMV, they are surrendering their personal and private information to anyone who wants to obtain it. When informed that such information can be so easily obtained, most licensees are shocked and angry. According to a survey released by the National Association to Protect Individual Rights, 92 percent of Americans believe that the DMV should not sell or release personal data about them without their knowledge and approval."

22. As originally enacted in 1993, the DPPA made it unlawful for any person or organization to disclose or obtain personal information derived from any motor vehicle record, unless the subject of the information had authorized such disclosure or the request/disclosure qualified under a recognized exception, including use by any federal or state agency, use in connection with motor vehicle and driver safety, use in court proceedings, use in certain research activities, use relating to certain insurance matters, and use for verification of personal information submitted by the subject of such information. Use of personal information for marketing activities was permitted, so long as the States had provided individuals identified in motor vehicle records with the opportunity to prohibit such disclosures. This "opt out" provision effectively gave individuals the right to prohibit the States from disclosing personal information for marketing purposes. 18 U.S.C. §2721(1993).

23. Congress significantly amended the DPPA in 1999 by eliminating the "opt out" provision for marketing activities. Use or obtaining of personal information contained in motor vehicle records for "surveys, marketing or solicitations" is permitted only "if the State has obtained the express consent of the person to whom such personal information pertains." Similarly, a requester of personal information may obtain such information for any purpose, "if the requester demonstrates it has obtained the express consent of the person to whom such personal information pertains." 18 U.S.C. §2721(b)(13), (14) (1999). By changing the "opt out"

exceptions of the 1993 DPPA to "opt in" exceptions in the 1999 DPPA, Congress significantly reduced the categories of persons whose personal information may be lawfully obtained under the Act. *See Reno v. Condon*, 120 S.Ct. 666, 669 (2000) (upholding the constitutionality of the DPPA) (States may no longer "imply consent from a driver's failure to take advantage of a state-afforded opportunity to block disclosure, but must rather obtain a driver's affirmative consent to disclose the driver's personal information" for restricted purposes.). The effective date of the 1999 amendments to the DPPA was June 1, 2000.

24. Missouri law does not provide for an "opt-in" procedure as described in the 1999 amendments to the DPPA. In fact, Missouri does not obtain express consent from any driver.

25. Instead, the State of Missouri only sells "personal information" from a motor vehicle record to "persons" who certify that they have a lawful purpose for the information (other than for direct or mass marketing) and/or have obtained the specific written consent of the Missouri driver or identification card holder for the release of their information.

26. Once a "person," as that term is defined by the DPPA, certifies to the State of Missouri that they have a lawful purpose for *some* personal information and/or have obtained any requisite consent (and agrees to indemnify the State of Missouri for any damages that State might incur by this procedure), the State of Missouri, through its Department of Public Safety, provides that person with a copy of the State's *entire database* of names, addresses and other personal information – some twenty (20) million plus residents of the State of Missouri

27. Each Defendant in this litigation purchased this entire database of names from the State of Missouri. Defendants each have a signed contract with the State of Missouri whereby they certify to the State of Missouri that they have a proper purpose for obtaining each piece of personal information and/or have obtained requisite written consents.

9

28. Defendants do not have a permissible purpose to obtain all twenty million names in Missouri' database.

29. Under the DPPA, a "person" who knowingly obtains or discloses "personal information" concerning another from a "motor vehicle record … shall be liable to the individual to whom the information pertains." 18 U.S.C. §2724(b). The DPPA provides for liquidated damages in the amount of $2,500.00 for each violation of the DPPA, in addition to punitive damages upon a showing of a willful or reckless disregard of the law, reasonable attorney's fees and costs and other relief, including preliminary and equitable relief. 18 U.S.C. §2724(b). A "person" under the DPPA is defined as "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. §2721(2).

30. As described above, after the effective date of the 1999 amendment to the DPPA (June 1, 2000), the Defendants unlawfully obtained "personal information" of individuals from the Missouri "motor vehicle records" in violation of the DPPA.

31. Defendants' violations of the DPPA have been committed "knowingly," within the meaning of the DPPA 18 U.S.C. §2724(b). In the context of the DPPA, to act knowingly is to act with knowledge of the facts that constitute the offense. *See, e.g., Bryan v. Unites States,* 524 U.S. 184, 193, 118 S.Ct. 1939, 1946, (1998) ("[U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense."). Defendants, and each of them, knew that it obtained personal information pertaining to individuals from Missouri motor vehicle records.

32. The information obtained by the Defendants from "motor vehicle records" constitutes "personal information" within the meaning of the DPPA, 18 U.S.C. §2725(3). Defendants' obtaining and/or using such information is unauthorized by the DPPA and,

therefore, unlawful. Each record of personal information knowingly obtained from motor vehicle records is a separate and distinct violation of the DPPA, remediable under the DPPA, 18 U.S.C. §2724.

## IV.

## CLASS ACTION ALLEGATIONS

33. Pursuant to Fed. R. Civ. P. 23(b)(3), and 23(b)(2) Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as representatives of the following class (the "Class"):

> Each and every individual whose name, address, driver identification number, race and/or date of birth and/or sex are contained in motor vehicle records obtained by Defendants from the State of Missouri's Department of Public Safety, without the express consent of such individuals, from June 1, 2000, through the date of judgment herein.

> Excluded from the class are persons who have expressly authorized the State of Missouri's Department of Public of Public Safety to provide third parties with their "personal information" for any purpose; those persons whose information was obtained for a permissible purpose defined by the DPPA; all employees, including, but not limited to, Judges, Magistrate Judges, clerks and court staff and personnel of the United States District Courts, the United States Court of Appeals and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit.

34. The requirements of Fed. R. Civ. P. 23 are met in this case. The Class, as defined, is so numerous that joinder of all members is impracticable.

35. There are questions of fact and law common to the Class as defined, which common questions predominate over any questions affecting only individual members. The common questions include:

> a. whether Defendants obtained improperly and/or used "personal information" from the "motor vehicle records" of members of the Class, within the meaning of the DPPA, 18 U.S.C. §2725(3), (1); and,
>
> b. whether Defendants' obtaining and use of "personal information" from the "motor vehicle records" of members of the Class was done knowingly, within the meaning of the DPPA, 18 U.S.C. §2724(a).

36. Plaintiffs can and will fairly and adequately represent and protect the interests of the Class as defined and have no interests that conflict with the interests of the Class. This is so because:

> a. All of the questions of law and fact regarding the liability of the Defendants are common to the class and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of the Defendants to all class members;
>
> b. Without the representation provided by Plaintiffs, it is unlikely that any class members would receive legal representation to obtain the remedies specified by the DPPA;
>
> c. A remedy available under the DPPA is the liquidated sum of $2,500, which Plaintiff intends to seek for all members of the Class; and
>
> d. Plaintiff has retained competent attorneys who are experienced in the conduct of class actions. Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the class members and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

37. All class members have the same legal rights under the DPPA. Defendants' violations of the DPPA have affected numerous Missouri motor vehicle owners and lessees in a similar way. The class action is superior to any other method for remedying Defendants' violations of the DPPA given that common questions of fact and law predominate and the liquidated damage provisions of the DPPA make the remedy available to class members identical. Class treatment is likewise indicated to ensure optimal compensation for the Class and limiting the expense and judicial resources associated with thousands of potential claims.

38. Defendants knowingly obtained "personal information," pertaining to Plaintiffs and the members of the Class from "motor vehicle records" maintained by the State of Missouri DPS, in violation of the DPPA. 18 U.S.C. §2721 *et seq*. Defendants' obtaining and use of this "personal information" was not for a purpose authorized by the DPPA.

39. Pursuant to the DPPA, 18 U.S.C. §2724(a), Defendants are liable for knowingly obtaining "personal information" pertaining to Plaintiffs and the members of the Class from "motor vehicle records," in violation of the DPPA.

40. Plaintiff and the members of the Class have suffered harm as their private information has been obtained unlawfully. The violation of Plaintiffs' legally protected interests gives them standing to bring this lawsuit. Plaintiffs and members of the class are entitled to liquidated damages in the amount of $2,500.00 for each instance in which the Defendants violated the DPPA.

WHEREFORE, Plaintiffs demand judgment on their behalf and on behalf of the other members of the Class to the following effect:

- a. declaring that this action may be maintained as a class action;
- b. granting judgment in favor of Plaintiffs and the other members of the Class against the Defendants in the amount of $2,500.00 for each instance in which the Defendants obtained, disclosed, or used personal information concerning the Plaintiff and members of the Class;
- c. punitive damages should be the Court find that the Defendants acted in willful or reckless disregard of the DPPA;
- d. requiring the Defendants to destroy any personal information illegally obtained from motor vehicle records; and
- e. such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

  /s/Timothy H. Bosler

      **TIMOTHY H. BOSLER**
      Missouri State Bar # 23442
      **BOSLER LAW FIRM, P.C.**
      706 S. Washington
      Chillicothe, Missouri 64601
      Phone: (660) 646-4446
      Fax: (660) 646-2002
      e-mail: bosler@greenhills.net

      **THE COREA FIRM P.L.L.C.**
      Thomas M. Corea
      Texas Bar No. 24037906
      Jeremy R. Wilson
      Texas Bar No. 24037722
      The Renaissance Tower
      1201 Elm Street, Suite 4150
      Dallas, Texas 75270
      Telephone: 214.953.3900
      Facsimile: 214.953.3901

      **OTSTOTT & JAMISON, P.C**
      George A. Otstott
      Texas Bar No. 15342000
      Ann Jamison
      Texas Bar No. 00798278
      Two Energy Square
      4849 Greenville Avenue, Suite 1620
      Dallas, Texas 75206
      Telephone: 214.522.9999
      Facsimile: 214.828.4388

      **LAW OFFICES OF JOESPH H. MALLEY**
      Joseph H. Malley
      Texas Bar No. 12865900
      1045 North Zang Boulevard
      Dallas, Texas 75208
      Ph. (214) 943-6100
      Fax (214) 943-6170

      *PRO HAC VICE* **APPLICATION PENDING**

      **ATTORNEYS FOR PLAINTIFFS**